MARC E. MAYER (SBN 190969)
mem@msk.com
EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Froytal Services Ltd. and Manwin Licensing
International S.à.r.l.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Froytal Services Ltd., and Manwin Licensing International S.à.r.l., a Luxembourg corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1 d/b/a "Brazzers.to," and DOES 2-10, inclusive,<br><br>Defendants. | CASE NO. CV12-10299 CAS (Ex)<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]**<br><br>**(3) VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Froytal Services Ltd. and Manwin Licensing International S.à.r.l. (collectively "Plaintiffs") by their attorneys, allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for: copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.; trademark infringement under the Lanham Act, 15 U.S.C. § 1051, et seq.; and violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. This Court has subject matter jurisdiction over Froytal's claims for copyright infringement, as well as Manwin's claims under the Lanham Act and the Anti-Cybersquatting Consumer Protection Act, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants in that, among other things: (a) Defendants are engaged in tortious conduct within the State of California and in this District, including by copying, displaying, and distributing Froytal's copyrighted works and Manwin's trademarks, and (b) Defendants' conduct causes injury to Plaintiffs and their intellectual property within the State of California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, omissions and events giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE PARTIES

5. Plaintiff Manwin Licensing International S.à.r.l. ("Manwin") is, and at all relevant times was, a business entity organized as a "Société à responsabilité limitée" under the laws of Luxembourg, and having its principal place of business at 32 boulevard Royal, L-2449 Luxembourg City, Luxembourg. Manwin's

Mitchell Silberberg & Knupp LLP

4987773.5

1

affiliates, subsidiaries, and licensees include Manwin USA, Inc., Manwin D.P. Corp., and Playboy Plus Entertainment, Inc., all of which have principal places of business in Los Angeles, California.

6.  Plaintiff Froytal Services Ltd. ("Froytal") is, and at all relevant times was, a corporation organized and existing under the laws of Cyprus, and having its principal place of business at 33 Larnakos Avenue, 1st floor, Suite 101, CY-1046 Nicosia Cyprus. Froytal and Manwin are affiliated companies.

7.  Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive. Plaintiffs are informed and believes, and on that basis avers, that Does 1 through 10 either (1) directly performed the acts alleged herein, (2) were acting as the agents, principals, alter egos, employees, or representatives of the other Defendants, and/or (3) otherwise participated in the acts alleged herein with other Defendants. Accordingly, the Doe Defendants each are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiffs as alleged herein. Plaintiffs will amend the Complaint to state the true names of the Doe Defendants when their identities are discovered.

## FACTS GIVING RISE TO THIS ACTION

### Plaintiffs' Business, Copyrights, and Trademarks

8.  This case concerns the popular website known as "Brazzers," located at www.brazzers.com (the "Brazzers Website"). The Brazzers website is one of the most popular subscription-based adult-oriented websites in the world. Through the Brazzers Website and affiliated websites, Plaintiffs distribute a variety of high-quality, premium adult content, including photographs, videos, and other audiovisual works.

9.  Froytal is the assignee and registered owner of United States copyrights in the Brazzers Website and the content appearing on and distributed through the Brazzers Website. Among the copyrights owned by Froytal are the audiovisual works set forth on Schedule A of this Complaint, incorporated herein by reference (the "Brazzers Videos"). Froytal has invested considerable time, money, and other resources creating and producing the content made available on the Brazzers Website (as well as its other websites), and has taken great pains to ensure that all of the content it offers meets its high standards for quality and originality.

10. Manwin is the owner of one of the largest portfolios of premium adult-oriented domain names and trademarks. Manwin is the owner of two registered trademarks and service marks in BRAZZERS, Ser. No. 77/387,833, Reg. No. 3,621,570 and the service mark BRAZZERS Ser. No. 77/339,083, Reg. No. 3,621,514, both registered May 19, 2009 (collectively "the BRAZZERS Mark"), both of which are registered on the Principal Register of the United States Patent and Trademark Office. Manwin also possesses common law trademark rights in the BRAZZERS name and trademark.

11. The BRAZZERS Mark is protectable and not generic. Froytal has invested considerable time, effort, and financial resources cultivating consumer recognition and goodwill in the BRAZZERS Mark and the Brazzers Website, and establishing a strong association in the minds of the consuming public between the BRAZZERS Mark and premium, high quality, original adult entertainment. As a result, the BRAZZERS Mark has achieved secondary meaning within the adult entertainment industry.

12. In addition to the BRAZZERS Mark, Manwin is the owner of common law trademark rights in its distinctive BRAZZERS logo, which consists of the word BRAZZERS in white block letters on a black background, with the letters ZZ in bright yellow (the "BRAZZERS Logo"). The BRAZZERS Logo is

used in commerce on or in connection with the Brazzers Website and all related websites and has come to be associated in the minds of relevant consumers as referring to Plaintiffs and their products.

**Defendants' Business and Wrongful Conduct**

13.   Defendants are individuals or entities with no affiliation to Plaintiffs and without any rights or intellectual property in the BRAZZERS Mark or any of the content featured on the Brazzers websites. Notwithstanding their lack of affiliation with Plaintiffs, Defendants created, registered, and currently own, operate, and administer a website located at the domain name www.brazzers.to. For purposes of this complaint, the Defendants' website hereafter is referred to as the "Infringing Website" and the domain name www.brazzers.to will be referred to as the "Infringing Domain." Via the Infringing Website and Infringing Domain, Defendants, using the BRAZZERS Mark and Logo, and claiming to be affiliated with or related to Plaintiffs' Brazzers Website, are engaged in the copying, distribution, and public performance of a massive number of Plaintiffs' copyrights, including material from each of the Brazzers Videos.

14.   The Infringing Website is an unauthorized "clone" of Plaintiffs' Brazzers website that purports to offer the "Best Porn Streams for free." A user navigating to the Infringing Website (via the Infringing Domain) is presented with a website prominently bearing the distinctive BRAZZERS Mark and Logo, purporting to offer a vast selection of Frotyal's copyrighted content, and displaying thousands of photographs and images from Froytal's copyrighted works, including from each of the Brazzers Videos. The Infringing Website purports to offer for immediate viewing (via streaming digital transmission) and downloading thousands of Froytal's copyrighted videos, including each of the Brazzers Videos. Additionally, Defendants offer users the ability to search for particular videos by keyword, to view a list of videos by category or date, and to leave comments about

videos. Plaintiffs are informed and believe, and on that basis aver, that Defendants have copied, publicly displayed, publicly performed, and distributed thousands of Plaintiffs' copyrighted works, including the Brazzers Videos, tens or hundreds of thousands of times.

15.  Plaintiffs have never licensed or authorized Defendants to use any of their intellectual property, including the Brazzers Videos, or the BRAZZERS Mark or Logo in any manner. Nor have Defendants accounted or paid Plaintiffs for their use of any of Plaintiffs' intellectual property. To the contrary, Defendants have been unfairly and unjustly enriched by their conduct. Plaintiffs are informed and believe and based thereon aver that Defendants receive revenue through advertisements placed on the Infringing Website, as a result of requiring users to enable and view "pop-up" advertisements, and that Defendants also earn money by redirecting users to other adult websites, from which Defendants receive a referral fee or commission.

16.  Defendants' conduct is willful, knowing, and deliberate. Defendants are well aware that they have no right or authority to use any of Plaintiffs' copyrighted works or to use the BRAZZERS Mark and Logo. Defendants also know and intend that the Infringing Website will confuse and deceive customers into believing that they somehow are affiliated with or sponsored by Plaintiffs. Defendants specifically know that their conduct is unlawful and infringes Plaintiffs' copyrights and trademarks. For that reason, they have registered the Infringing Website anonymously and, moreover, have used a top-level domain registry (.to) that does not comply with standards and procedures imposed by most domain registries, such as those that administer ".com," ".org," ".gov," or ".edu." They did so specifically to evade detection by Plaintiffs or possible criminal charges by any governmental authority.

//
//

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement

### (17 U.S.C. §§ 106, 501)

17. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporate them by reference herein.

18. Froytal owns valid copyrights in the aforementioned Brazzers Videos.

19. Defendants have infringed Froytal's copyrights in the Brazzers Videos by reproducing, displaying, and distributing Froytal's copyrighted works, including the Brazzers Videos and images therefrom, without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Each such infringement by Defendants constitutes a separate and distinct act of infringement.

21. Defendants' acts of infringement are willful, in disregard of, and with indifference to, the rights of Froytal.

22. As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits, in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

23. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

24. As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe Froytal's rights in the Brazzers Videos. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

Mitchell Silberberg & Knupp LLP

4987773.5

## SECOND CLAIM FOR RELIEF

### Federal Trademark Infringement

### (15 U.S.C. § 1114)

25. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 24, inclusive, and incorporate them by reference herein.

26. As a separate cause of action and ground for relief, Plaintiffs allege that Defendants have and are engaged in acts of trademark infringement within the meaning of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

27. Pursuant to 15 U.S.C. § 1072, based on Manwin's trademark registrations, Defendants had and have constructive knowledge of Manwin's ownership of and rights in the federally registered BRAZZERS Mark before purchasing and using the domain name "Brazzers.to." Furthermore, upon information and belief, Defendants had actual knowledge of Manwin's ownership of and rights in the federally registered BRAZZERS Mark prior to Defendants' unauthorized conduct complained of herein. Indeed, upon information and belief, Defendants intended to capture initial consumer attention and unfairly and wrongfully capitalize upon Manwin's goodwill and the resulting marketplace confusion when Defendants purchased and used the Infringing Domain.

28. Upon information and belief, Defendants have deliberately and willfully used the famous BRAZZERS Mark in commerce in connection with the same content and services provided by Plaintiffs in an attempt to trade upon the goodwill, reputation and selling power established by Plaintiffs under the BRAZZERS Mark, and to capture the initial interest of consumers who would have otherwise subscribed to Plaintiffs' website.

29. Manwin has not consented to Defendants' use of the BRAZZERS Mark in connection with the promotion of Defendants' business and/or its provision of content and services via the "Brazzers.to" website.

30. Defendants' unauthorized use of the BRAZZERS Mark in connection with the provision of content and services via the Infringing Website is causing, and is likely to cause in the future, initial interest confusion, mistake or deception as to the affiliation, connection or association of Defendants, their services, and the Infringing Website with Plaintiffs and their services and the Brazzers Website in violation of 15 U.S.C. § 1114.

31. Upon information and belief, the intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

32. As a result of Defendants' conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. In fact, Plaintiffs are informed and believe, and on that basis aver, that Defendants' conduct already has caused actual confusion among Plaintiffs' customers. Unless this Court enjoins Defendants' conduct, Plaintiffs will continue to suffer irreparable harm.

33. Plaintiffs also are entitled to recover damages from Defendants in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### Violation of the Anti-Cybersquatting Act

### (15 U.S.C. § 1125(d))

34. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporate them by reference herein.

35. Manwin owns all rights in and to the BRAZZERS Mark. The BRAZZERS Mark is distinctive and famous.

36. Defendants have registered, trafficked in, and/or used the Infringing Domain, which is identical or confusingly similar to Manwin's famous BRAZZERS Mark. Indeed, the Infringing Domain incorporates the BRAZZERS Mark in its entirety.

37. On information and belief, Defendants' use of the Infringing Domain has, at all times, been an intentional and willful attempt to profit, in bad faith, from the BRAZZERS Mark. Among other things: (a) Defendants have no trademark or other intellectual property rights in the BRAZZERS Mark or the Infringing Domain; (b) Defendants are not making any bona fide noncommerical or fair use of the BRAZZERS Mark; (c) Defendants intend to divert traffic from the official Brazzers Website; (d) the BRAZZERS Mark is a well-known mark, associated throughout the world with Plaintiffs' premium adult entertainment services; and (e) Defendants at all times knew that they did not possess any trademark, other intellectual property rights, or any other rights whatsoever in the BRAZZERS Mark, and registered the Infringing Domain with (and despite) that knowledge.

38. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Plaintiffs are entitled to maximum statutory damages of $100,000 for the Infringing Domain pursuant to 15 U.S.C. § 1117(d).

39. Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

40. As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that, unless enjoined and restrained by this Court, Defendants will continue to infringe Manwin's valuable BRAZZERS Mark. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

//
//
//

## PRAYER FOR RELIEF

WHEREFORE, as to all claims for relief set forth in this Complaint, Plaintiffs request that this Court enter a judgment and declaration in favor of Plaintiffs and against Defendants as follows:

A. Preliminarily and permanently enjoining and restraining Defendants, all entities under their control, as well as their parents, subsidiaries, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services or websites under or in connection with any trade name, trademark, service mark, Internet search keyword, Internet domain name or other designation of origin that is comprised in whole or in part of the BRAZZERS Mark, or any terms, words, or combinations of words, confusingly similar thereto;

(2) doing any act or thing that is likely to induce the belief that Defendants' content, services, activities, or the Infringing Website is in some way connected with Plaintiffs and/or Plaintiffs' business, or that is likely to injure or damage Plaintiffs or Manwin's BRAZZERS Mark; or

(3) directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which Plaintiffs (including their parents, subsidiaries, and/or affiliates) own or control an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106); and

B. Directing Defendants to transfer to Plaintiffs the domain name registration for the Infringing Domain "Brazzers.to;" and

C. Ordering Defendants to:

   (1) pay Plaintiffs Defendants' profits and/or Plaintiffs' damages in such amount as may be determined; or alternatively, pay Plaintiffs maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

   (2) pay Plaintiffs the compensatory damages sustained by Plaintiffs as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

   (3) pay Plaintiffs maximum statutory damages under 15 U.S.C. § 1117(d), of $100,000 for the Infringing Domain;

   (4) reimburse Plaintiffs for the costs they have incurred in bringing this action, together with their reasonable attorneys' fees and disbursements;

   (5) pay Plaintiffs' costs of corrective advertising; and

  D. Awarding Plaintiffs such other and further relief as this Court may deem equitable.

DATED: December 3, 2012

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer
Attorney for Plaintiffs
Froytal Services Ltd. and Manwin
Licensing International S.à.r.l.

11

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable of right by jury.

DATED: December 3, 2012

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer
Attorney for Plaintiffs
Froytal Services Ltd. and Manwin
Licensing International S.à.r.l.

## SCHEDULE A

| Title of Froytal's Copyrighted Audiovisual Works (the "Brazzers Videos") | URL on Infringing Website | U.S. Copyright Registration No. |
|---|---|---|
| Busted | http://brazzers.to/index.php?s=Busted | PA 1-784-675 |
| Wild Girls | http://brazzers.to/index.php?s=Wild+Girls | PA 1-784-663 |
| Lesbian Etiquette | http://brazzers.to/index.php?s=lesbian+etiquette | PA 1-784-637 |
| Striptease Shopping | http://brazzers.to/index.php?s=striptease+shopping | PA 1-784-665 |
| Scott's Choice | http://brazzers.to/index.php?s=scott%27s+choice | PA 1-780-898 |
| Realease The Stress | http://brazzers.to/index.php?s=realease+the+stress | PA 1-780-894 |
| Workout Pussy Paid Out | http://brazzers.to/index.php?s=workout+pussy | PA 1-781-674 |
| The Joy Toy | http://brazzers.to/index.php?s=THE+JOY+TOY | PA 1-781-706 |
| My New BFF | http://brazzers.to/index.php?s=my+new+bff | PA 1-781-557 |
| Are You Still Awake? | http://brazzers.to/index.php?s=are+you+still+awake | PA 1-781-551 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV12- 10299 CAS (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

MARC E. MAYER (190969) mem@msk.com
EMILY F. EVITT (261491) efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Attorneys for Plaintiffs, Froytal Services Ltd. and Manwin Licensing International S.à.r.l

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Froytal Services Ltd., and Manwin Licensing International S.à.r.l., a Luxembourg corporation,

PLAINTIFF(S)

v.

DOE 1 d/b/a "Brazzers.to," and DOES 2-10, inclusive,

DEFENDANT(S).

CASE NUMBER

**CV12-10299 (AS(Ex))**

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Marc E. Mayer, whose address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:   DEC - 3 2012

Clerk, U.S. District Court

By:   JULIE PRADO
      Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                          SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Froytal Services Ltd. and Manwin Licensing International S.à.r.l.

**DEFENDANTS**
DOE 1 d/b/a "Brazzers.to," and DOES 2-10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARC E. MAYER (190969) mem@msk.com
EMILY F. EVITT (261491) efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd., Los Angeles, CA 90064
Telephone: 310-312-2000  Facsimile: 310-312-3100

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement, Federal Trademark Infringement [15 U.S.C. § 1114], and Violation of the Anti-Cybersquatting Consumer Protection Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV12-10299**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    American LegalNet, Inc. www.FormsWorkflow.com    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Luxembourg - Manwin Licensing International S. à.r.l.<br>Cyprus – Frontal Services, Ltd. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ Marc E. Mayer    Date December 3, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com